**EXHIBIT A**

TO THE CHANCELLORS OF THE CHANCERY COURT
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SHELBY COUNTY
CHANCERY COURT
FEB 2 4 2016
DONNA L. RUSSELL, C & M
TIME:_____ BY:_____

**LATASHA TENNIAL**

    Plaintiff,

Case No. CH-16-0311
Part II

Vs.

**BANK OF AMERICA, NA., SUCCESSOR BY
MERGER TO BAC HOME LOANS SERVICING,
LP FKA COUNTRYWIDE HOME LOANS
SERVICING, LP, CARRINGTON MORTGAGE SERVICES, LLC**

    Defendant

---

### PETITION TO SET ASIDE FORECLOSURE AND FOR INJUNCTIVE RELIEF

---

Comes now the above-styled Plaintiff and sues the above-styled Defendants and would state for cause of action the following:

### JURISDICTION

1. The Plaintiff is a resident of Memphis, Shelby County Tennessee and owns property in Shelby County, Tennessee that is the subject of this cause of action.
2. The Defendant, Bank of America, is a legal resident of the State of California.
3. The Defendant, Carrington Mortgage Services, is a legal resident of the State of California.
4. Therefore, jurisdiction and venue are proper in this court regarding the property rights in Shelby County, Tennessee, property of the Plaintiff.

## FACTUAL ALLEGATIONS

5. In October 2005, Plaintiff purchases 4575 Fawn Hollow Cove, Memphis, TN property for $90,250.00 loan number *0088831714*; Argent Mortgage Company, LLC., Citi Residential Lending INC.

6. On January 10, 2008, Plaintiff refinances her mortgage to an escrowed FHA loan number *210105* for $95,247.00 with Community Mortgage Company, with no prepayment penalty, & FHA MIP insurance. Only one mortgage payment was paid to Community Mortgage in the amount of $825.00.

7. Around March 2008, the loan was sold to Countrywide Home Loans, loan number *174549233*. Countrywide immediately began to increase the monthly payments on a fixed mortgage.

8. Plaintiff lost her job due to an on the job injury in June 2008. She received short term and then long term disability that was terminated after she filed a discrimination lawsuit against her former employer. Plaintiff got behind on her payments and tried to work with Countrywide to get modification but was continually refused.

9. In June 2008, Bank of America merges services with Countrywide Home Loans.

10. The property value was reduced to $63,400 after the city's appraisal in 2009

11. Because of a domestic violence situation, Plaintiff changed her address to a P.O.Box, but remained living in the Fawn Hollow Cove house.

12. Bank of America improperly foreclosed without Plaintiff notification and put house up for sale in March 2011. Plaintiff receives a settlement payment from Fund IIndependent Foreclosure Review as a result of the agreement Bank of America entered with the federal banking regulators-the office of Comptroller of the Currency and the Board of Governors of the Federal Reserve System.

13. In April 10, 2013, Plaintiff receives notice from Bank of America that her loan would be transferred to Carrington Mortgage Services, LLC effective May 01, 2013, but they never actually released the loan to Carrington according to the Shelby County Registry of Deeds.

14. In May 2013, Plaintiff receives a mortgage statement from Carrington Mortgage Services loan number *70000461X5*. The balance forwarded from Bank of America was $35, 244.06; including late fees & default costs. To date Bank of America has provided deficient mortgage services and foreclosure processes. They have denied all foreclosure prevention benefits entitled as well as predatory lending practices and accounting.

15. In October 2013, Plaintiff received a Keep My Tennessee Home Grant in the amount of $39,844.00; the amount the defendant claimed Plaintiff was delinquent on her FHA mortgage loan. This money was a one time payment to reinstate the mortgage and take it out of default but it was never taken out of default.

16. $39,844.00 is paid directly to Carrington on the behalf of the Plaintiff that was intended to be applied to the mortgage as reinstatement of the mortgage loan and a protection lien was place on the property for a five year Making Home Affordable Period in November 2013. The loan will be completely forgiven as long as Plaintiff remains in the home for the next five years.

17. On December 12, 2013, Tennessee Housing Development Agency (THDA) conducts an audit verifying that the Plaintiff in fact remained in the property 4573 Fawn Hollow Cove although she had a separate mailing address which is a Post Office Box.

18. Plaintiff receives letter from Carrington Mortgage Services stating that the December payment expected was $911.92 total this included late fee and an increased mortgage payment in December 2013. The loan was still in default at this rate.

19. Plaintiff remained under the care of a physician in January and notified Carrington that she was unable to make payment and requests mortgage assistant for foreclosure prevention, but to no avail.

20. On October 27, 2014, a Detainer Warrant was placed on the Plaintiff's door. A judgment was entered against Plaintiff even though she was under a Chapter 13 bankruptcy. Plaintiff appealed to Circuit Court and the matter was ordered back to General Sessions and is still pending.

21. Carrington willingly reported false information to the IRS that Plaintiff had abandoned her property in December 2014, although they were properly informed that she remained in the home.
22. Falsified documentation were submitted to the Shelby County Register of Deeds, that led to the transfer of Plaintiff's property out of her name while a pending appeal from General Sessions in Shelby County was filed in Circuit Court.
23. Several Chapter 13 Bankruptcy cases were opened by Plaintiff in an effort to get some relief and Defendants deceived the Bankruptcy Court by alleging Plaintiff was not interested in keeping her property and seeking an FED when they knew Plaintiff had filed bankruptcy.
24. In August 2015 the Plaintiff had physical damage to her roof. The damage was inspected and a partial check of $1,982.30 was made out to the Plaintiff and her mortgage company, Carrington Mortgage Services. CMS received the entire check after the Defendant endorsed the check over to the mortgage company and they placed it in a separate escrow account until the repairs were completed and the funds were to be released for payment. The repairs were completed in September. However, Carrington only released $660.77 for payment. They kept $1,321.53 and did not apply it to the mortgage balance nor did they take the loan out of default.
25. Carrington did not pay Plaintiff's homeowners insurance that is escrowed into the mortgage payments.
26. The Plaintiff is entitled to have the any foreclosure set aside because of the fraud of the defendant, its servants and agents. More particularly and according to Tennessee Rules of Civil Procedure Rule 9, Defendant is liable for the following acts of fraud:
27. The Plaintiff is entitled to injunctive relief to prohibit the alienation of the property by the defendant. The Plaintiff is also entitled to injunctive relief to prohibit the issuance of any Writ of Possession for the 4573 Fawn Hollow Cove property by any party.

28. The Plaintiff is entitled to have the homeowner's insurance policy reinstated for the property while the issues are being litigated.

PREMISES CONSIDERED, THE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:
1. That process issue and be served with a copy of this Complaint to the Defendants and the legal representation of the Defendants in the General Sessions Court FED cause of action against the Plaintiff.
2. That, after notice and a hearing, the Defendants and their servants and agents be enjoined from alienating the property of the Plaintiff.
3. That the Court set aside any foreclosure of for the 4573 Fawn Hollow Cove, Memphis, Tennessee property.
4. That this case be referred for Rule 31 Mediation.
THIS IS THE FIRST APPLICATION FOR INJUNCTIVE RELEIEF IN THIS CAUSE OF ACTION.

Respectfully submitted,

Kelly Pearson BPR# 032300
4745 Poplar Ste. 212
Memphis, TN 38117
901-338-2638
kellyeasonpearson@gmail.com

William Hardwick, #13264
4745 Poplar, Suite 201
Memphis, TN 38117
901-683-3292
wgh38119@yahoo.com

## CERTIFICATE OF SERVICE

We do hereby certify that a true and correct copy of the foregoing Petition To Set Aside Foreclosure And For Injunctive Relief has been sent via U.S. Mail, postage prepaid, to all defendants.

This the _____ day of _____, 2016.

_____
Kelly Pearson