IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LATASHA TENNIAL,

   Plaintiff,

v.                                                       Case No. 2:16-cv-02913-JTF-cgc

BANK OF AMERICA, N.A., SUCCESSOR
BY MERGER TO BAC HOME LOANS
SERVICING, LP FKA COUNTRYWIDE
HOME LOANS SERVICING, LP and
CARRINGTON MORTGAGE SERVICES,
LLC,

Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT, CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO STRIKE, OR IN THE ALTERNATIBE, TO DISMISS**

      Plaintiff, Latasha Tennial ('Plaintiff"), by and through counsel, opposes Defendant, Carrington Mortgage Services, LLC's ("Carrington") Motion to Strike, or in the Alternative, to Dismiss, and hereby states the following in opposition:

**I. STATEMENT OF THE CASE.**

    Plaintiff originally purchased 4573 Fawn Hollow Cove ("the property"), Memphis, Tennessee in October, 2005 for $90,250.00. (Dkt. 1-1, ¶5). Plaintiff refinanced to an FHA loan with Community Mortgage in January 2008, which was then transferred to Countrywide Home Loans in March, 2008, and Countrywide merged with Bank of America in June, 2008. (Dkt 1-1. ¶ 6-9). Bank of America improperly foreclosed and put the property up for sale in March, 2011 which resulted in a settlement payment to Plaintiff by Fund 1 Independent Foreclosure Review. (Dkt 1-1, ¶ 12). On April 10, 2013, Plaintiff's loan was transferred from Bank of America to Carrington. (Dkt. 1-1, ¶ 13). In October 2013, Plaintiff receives a Keep My Tennessee Home

Grant in the amount of $39,844.00, paid directly to Carrington in November, to reinstate the mortgage and take it out of default. (Dkt. 1-1, ¶ 16 and 17). Carrington never took the loan out of default. Carrington foreclosed on the loan and sold the house without any notification to the Plaintiff until a detainer warrant was placed on the door of the property in October 2014. (Dkt 1-1, ¶ 20. Carrington obtained the FED despite the fact that Plaintiff was protected at the time under a Chapter 13 filing, Plaintiff appealed and the case was remanded back to General Sessions and was set to be heard on this action was filed in chancery Court. (Dkt. 1-1, ¶ 20 and 23).

## II. ARGUMENT.

### A. The Complaint Should not be Stricken Because the Original Filing is Signed.

While Fed. R. Civ. P. 11(a) requires the court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." The Complaint that was filed on February 24, 2016 with the Chancery Court Clerk for the Thirtieth Judicial District at Memphis is signed. (See Exhibit "A"). Therefore, there is no deficiency to be corrected and the Complaint should not be stricken and dismissed.

### B. The Complaint States Claims Upon Which Relief Can be Granted.

#### i. Standard of Review.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A Compliant must state merely "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. William Twombly*, 550 U.S. 544 at 568 (2007); *Ashcroft v. Izbal*, 556 U.S. 662 at 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft* at 679.

#### ii. The foreclosure sale should be set aside because of fraud, irregularity or mistake.

In order to set aside a foreclosure sale, Plaintiff must show "some evidence of irregularity, misconduct, fraud or unfairness on the part of the trustee or mortgagee." *Holt v. Citizens Central Bank*, 688 S.W.2d 414, 416 (Tenn. 1984). The enforcement of a mortgage or

trust deed will be enjoined, "when it was obtained on fraud" or "when the complainant is not bound, by reason of some accident, or mistake, in its execution, against which Equity will relieve." *Held v. Tennessee Title Co.*, S.W.2d 413, 415 (Tenn., 1969) quoting *Gibson, Suits in Chancery*, Vol. 2 sec. 856, (5th ed., 1956).  These same rules that allow a court to enjoin the enforcement of a mortgage should also be used to allow a court to set aside a foreclosure. *Id*.

Plaintiff's first indication of foreclosure by Carrington was a detainer warrant placed on her door on October 27, 2014.  (Dkt. Entry 1-1, ¶20).  She got no notice of foreclosure or sale of the property. Carrington has offered no evidence of notice to Plaintiff and Plaintiff denies any notice was given.

Carrington accepted the $39,844.00 Keep My Tennessee Home Grant Plaintiff acquired to bring the loan current in November, 2013.  (Dkt Entry 1-1, ¶16).  Carrington never took the loan out of default after receiving and applying the Keep My Tennessee Funds. Plaintiff's mortgage statement from Carrington dated December 18, 2013, shows the unpaid principal balance at $92,597.38 with an escrow shortage of $8,192.98. (See Exhibit "B").  Plaintiff's 2013 Mortgage Interest Statement form Carrington shows that $21, 037.62 was paid in mortgage interest. (Id.).  Plaintiff's mortgage statement from Carrington dated December 18, 2013, shows a principal balance of 87,747.71.  (Id.).  This leaves approximately $6,000 unaccounted for and the December 18, 2013 statement shows the total amount due as $1,777.11 underneath a column of numbers that add up to $945.19 for a house note that is $831.92 that just received a loan for an amount Carrington represented would take the loan out of default.  (Id.)

iii.   The Anti-Injunction Act does or does not prohibit this Court from enjoining state court eviction proceedings.

A request for injunctive relief arises out of the cause of action, and the remedy and the cause of action are "separate and distinct." *LA Crisis Assistance Center v. Marzano-Lesnevich*, 878 F.Supp. 2d 662, 670.  Here, Plaintiff is seeking an equitable remedy based on improper foreclosure of the property in question as the underlying cause of action. (Dkt. 1-1, prayer for relief, ¶ 3).

The Anti-Injunction Act, 28 U.S.C. §2283 does prevent a federal court from granting an injunction to stay proceedings in state court but that is subject to exceptions.  In Powers v. Bank of Am., N.A., the Plaintiff raised questions about the validity of the foreclosure and the Court chose to "exercise its equitable prerogative" to extend the redemption period while the case was

pending. 63 F. Supp.3d 747, 749 (E.D. Mich. 2014).  Plaintiff also asks the court to enjoin Carrington from alienating the property of the Plaintiff, and if this Court does not have jurisdiction to do so, Plaintiff asks to be remanded back to state court where the action was filed until removal by Defendants'.

### III. CONCLUSION.

This case should not be stricken due to failure to sign the complaint as the original filing in Chancery Court was signed.  Plaintiff has plead many facts upon which the claim of fraud and/or irregularities in the application of the Keep My Tennessee Home funds as well as improper foreclosure due to lack of notice to Plaintiff.  Carrington misrepresented that the loan would be taken out of default by the Keep My Tennessee Home funds, when in reality the property remained in default.  Carrington never notified Plaintiff of the foreclosure and sale but instead obtained and FED while Plaintiff was under the protection of the automatic stay in bankruptcy court.  Carrington removed this action to Federal Court then argues the Court lacks jurisdiction to provide the relief sought and therefore, it should be remanded back to state court.

Respectfully Submitted,

*/s/Kelly Pearson*
Kelly Pearson, #032300
4745 Poplar Ave. Suite 212
Memphis, TN 38117
901-338-2638
kellyeasonpearson@gmail.com

/s/William Hardwick, II
William Hardwick, #13264
4745 Poplar, Suite 201
Memphis, TN 38117
901-683-3292
wgh38119@yahoo.com

## CERTIFICATE OF SERVICE

I, Kelly Pearson, do hereby certify that a true and correct copy of this has been sent via email and/or U.S. Mail and/or electronically to:

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)
**RUBIN LUBLIN TN, PLLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rubinlublin.com
*Attorney for Carrington Mortgage Services, LLC*

*/s/ Benjamin W. Perry (by BJC w/ permission)*
HEATHER HOWELL WRIGHT (BPR # 030649)
BENJAMIN WILLIAM PERRY (BPR # 034387)
**BRADLEY ARANT BOULT CUMMINGS**
1600 Division Street, Suite 700
Nashville, TN 37203
Phone: (615) 252-3515 Fax: (615) 252-6364
Email: hwright@bradley.com
Email: bperry@bradley.com

*Attorneys for Bank of America, N.A, named here in its own capacity and as successor by July 1, 2011 de jure merger with BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P.*

This the 27th day of January 2017.

*/s/Kelly Pearson*