IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LATASHA TENNIAL,<br><br>      Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP and CARRINGTON MORTGAGE SERVICES, LLC,<br><br>      Defendants. | Case No. 2:16-cv-02913-JTF-cgc |

**CARRINGTON MORTGAGE SERVICES, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO STRIKE, OR IN THE ALTERNATIVE, TO DISMISS**

COMES NOW, Carrington Mortgage Services, LLC ("Carrington"), and files this Reply to Plaintiff's Response [Doc. 19] to its Motion to Strike pursuant to Fed. R. Civ. P. 11(a), or in the alternative, to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. 10], respectfully showing this Honorable Court as follows:

**INTRODUCTION**

Although Tennial may have remedied the issue of the Complaint being unsigned, she has not saved any of her claims from dismissal for failure to state a claim. Tennial continues to attempt to set aside a foreclosure sale based on a blank allegation of fraud, and attempted to defend the Motion to Dismiss by pointing to material outside of the pleadings that cannot be considered by this Court. This Court should therefore dismiss the claims against Carrington with prejudice.

1

**ARGUMENT AND CITATION OF AUTHORITY**

A.     **THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR FRAUD**

The main focus of the Complaint is Tennial's attempt to set aside the subject foreclosure sale. Tennial claims that she "is entitled to have the any [*sic*] foreclosure set aside because of the fraud of the defendant, its servants and agents. More particularly and according to Tennessee Rules of Civil Procedure 9, Defendant is liable for the following acts of fraud: ." [Doc. 1-1] at ¶ 26. In Carrington's Motion to Dismiss, it argued that it was not a named party to the foreclosure sale and this *blank* allegation fails to state a claim, and does not meet the particularity standard of Rule 9(b). *See* [Doc. 10-1] at pp. 6-7.

In response, Tennial ignored the fact that Carrington was not a party to the foreclosure, and instead first argues that the sale should be set aside because "[s]he got no notice of foreclosure or sale of the property" and "Carrington has offered no evidence of notice to Plaintiff and Plaintiff denies any notice was given." [Doc. 19] at p. 3. However, it is not Carrington's job to submit evidence on a Motion to Dismiss, nor does Carrington have the burden of proof here. *See Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 772 (W.D. Tenn. 2013). Moreover, this allegation concerning lack of notice is found nowhere in the Complaint and therefore cannot be considered when deciding the Motion to Dismiss.

> For purposes of determining Defendant's motion to dismiss, the Court may not consider the factual allegations contained in Plaintiff's response. The Sixth Circuit follows the general rule that "[m]atters outside the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 98 (6th Cir.1997). Thus, the Court may only consider the allegations contained within Plaintiff's Complaint in determining Defendant's Motion.

*Israel v. Northwest Airlines*, No. 2:10-CV-02294, 2010 WL 5156657, at *3 (W.D. Tenn. Dec. 14, 2010).

Similarly, this Court cannot consider the exhibit attached to Tennial's Response, as the documents within this exhibit are also outside of the pleadings. *See* [Doc. 19-2]. In any event, these documents are irrelevant. It appears that Tennial is attempting to show that the foreclosure was wrongful because Carrington did not reinstate the loan to a current status after receiving funds that Tennial received through the Keep My Tennessee Home Grant. *See* [Doc. 19] at p. 3; [Doc. 1-1] at ¶¶ 15-16. However, as noted in the Motion to Dismiss, "[r]egardless of whether this payment took the loan out of default status, Tennial admitted that she failed to make payments in at least December and January 2013," *after* these funds were paid to Carrington. [Doc. 10-1] at p. 3. As such, Tennial was subject to foreclosure even if the Keep My Tennessee Home Grant brought the loan out of default, because she immediately defaulted again. Tennial has clearly failed to state a claim to set aside the foreclosure sale, and this Court should dismiss this claim against Carrington.

**B.     THE ANTI-INJUNCTION ACT BARS THIS COURT FROM ENJOINING STATE COURT PROCEEDINGS**

In the second and last argument section, Tennial makes a curious argument that "[t]he Anti-Injunction Act *does or does not* prohibit this Court from enjoining state court eviction proceedings." [Doc. 19] at p. 3 (section iii heading) (emphasis added). The legal answer is that it *does* prohibit this Court from entering such an injunction. *Powers v. Bank of Am., N.A.*, 63 F. Supp. 3d 747, 752 (E.D. Mich. 2014) (collecting cases). The argument is further curious because Tennial appears to attempt to persuade this Court that the Anti-Injunction Act "is subject to exceptions" and then cites to *Powers*, which is the same case that Carrington relied upon in its Motion to Dismiss. However, the Court in *Powers* held that "[t]he plaintiffs' request for injunctive relief [to prevent a state court foreclosure proceeding] is barred by the Anti-Injunction Act." 63 F. Supp. 3d at 752. There is no discussion of any exceptions.

Tennial concludes this argument section by stating that she "also asks the court to enjoin Carrington from alienating the property of the Plaintiff, and if this Court does not have jurisdiction to do so, Plaintiff asks to be remanded back to state court where the action was filed until removal by the Defendants." [Doc. 19] at p. 4. As an initial matter, Tennial appears not to understand that title to the subject property is held by Bank of America, not Carrington. *See* [Doc. 10-1] at pp. 3-4. As such, this request is legally irrelevant as to Carrington.

Even if Tennial could bring such a claim against Carrington, it fails as a matter of law. This request should be considered a request for a preliminary injunction (and there is no basis for asserting that this Court lacks subject matter jurisdiction as the Plaintiff suggests), since it goes without saying that, if Tennial prevails on setting the foreclosure aside, she will be the owner and there is no need for an injunction to prevent a party from selling property it does not own.

> In a motion for a preliminary injunction, four factors should be considered. First, and most important for our purposes, is the likelihood of success on the merits. Next, the court should consider the probability of irreparable harm if the injunction is not granted, whether the issuance of the injunction would harm others, and finally, the public interest.

*Friends of Fiery Gizzard v. Farmers Home Admin.*, 864 F. Supp. 717, 718 (M.D. Tenn. 1994), *aff'd*, 61 F.3d 501 (6th Cir. 1995) (citing *Tyson Foods, Inc. v. McReynolds,* 865 F.2d 99, 101 (6th Cir.1989); *Mason County Medical Association v. Knebel,* 563 F.2d 256, 261 (6th Cir.1977)).

As demonstrated herein, Tennial has failed to show a likelihood of success on the merits, and this request for a preliminary injunction should be denied.

## **CONCLUSION**

Based on the foregoing, Carrington respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 10th day of February, 2017.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (BPR # 31643)
>**RUBIN LUBLIN TN, PLLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, Georgia 30071
>(678) 281-2730 (Telephone)
>(404) 921-9016 (Facsimile)
>bchaness@rubinlublin.com
>
>*Attorney for Carrington Mortgage Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 10th day of February, 2017, served all parties in this matter with the foregoing by CM/ECF and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Kelly Pearson
4745 Poplar, Suite 212
Memphis, TN 38117

William Hardwick
4745 Poplar, Suite 201
Memphis, TN 38117

Heather H. Wright
Benjamin W. Perry
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203

                                                         */s/ Bret J. Chaness*
                                                         BRET J. CHANESS (BPR # 31643)