IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LATASHA TENNIAL,

      Plaintiff,

v.                                               Case No. 2:16-cv-02913-JTF-cgc

BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO
BAC HOME LOANS SERVICING,
LP, F/K/A COUNTRYWIDE
HOME LOANS SERVICING, LP,
and CARRINGTON MORTGAGE
SERVICES, LLC,

      Defendants.

---

ORDER GRANTING MOTION TO DISMISS AND
DISMISSING AS MOOT MOTION FOR SUMMARY JUDGMENT

---

Before the Court is Defendant Carrington Mortgage Services, LLC's ("Carrington") Motion to Strike, or, in the Alternative, Motion to Dismiss (Docket Entry ("D.E.") #10) ("Motion to Dismiss") and Carrington's Motion for Summary Judgment. The parties have consented to the jurisdiction of the United States Magistrate Judge. (D.E. #24). For the reasons set forth herein, Carrington's Motion to Dismiss is GRANTED and its Motion for Summary Judgment is DISMISSED AS MOOT.

**I. Introduction**

On November 22, 2016, Plaintiff Latasha Tennial filed a Petition to Set Aside Foreclosure and for Injunctive Relief in the Chancery Court for the Thirtieth Judicial District at Memphis. (D.E.

1

# 1-1). Plaintiff alleges that she purchased property located at 4573 Fawn Hollow Cove in Memphis, Tennessee for $90,250.00 in October 2005. (Compl. ¶ 5). Her mortgage was initially with Argent Mortgage Company, LLC, but she refinanced on January 10, 2008 with Community Mortgage Company ("CMS"). (Compl. ¶¶ 5-6). CMS was sold to Countrywide Home Loans in March 2008, who then merged services with Bank of America in June 2008. (Compl. ¶¶ 7, 9). Plaintiff alleges that Bank of America "improperly" foreclosed upon her home without notification in March 2011, thereby placing her home for sale. (Compl. ¶ 12).

On April 10, 2013, Plaintiff alleges that she received a notice from Bank of America that her loan would be transferred to Carrington effective May 1, 2013; however, she alleges that they never actually released the loan to Carrington according to the Shelby County Register of Deeds. (Compl. ¶ 13). In May 2013, Plaintiff alleges that she received a mortgage statement from Carrington with a balance forwarded of $35,244.06, which included late fees and default costs. (Compl. ¶ 14). Plaintiff alleges that Carrington provided "deficient mortgage services and foreclosures processes," "denied all foreclosure prevention benefits," and engaged in "predatory lending practices and accounting." (Compl. ¶ 14). In October 2013, Plaintiff alleges that she received a "Keep My Tennessee Home Grant" in the amount of $39,844.00. (Compl. ¶ 15). Plaintiff alleges that this amount was paid directly to Carrington on her behalf "to reinstate the mortgage" but that it was "never taken out of default." (Compl. ¶¶ 15-16). Plaintiff further alleges that she understood that a protection lien was placed on the property for a five year Making Home Affordable Period in November 2013 and that the loan would be completely forgiven if Plaintiff remained in the home for five years. (Compl. ¶ 16). Plaintiff alleges that she did remain in the home for five years but that, on December 12, 2013, she received a letter from Carrington stating that she owed $911.92 for

her loan that was still in default, which included a late fee. (Compl. ¶ 18).

Plaintiff alleges that she notified Carrington in January 2014 that she was under the care of her physician, was unable to make payments, and requested mortgage assistance for foreclosure prevention to no avail. (Compl. ¶ 19). On October 27, 2014, Plaintiff alleges that a detainer warrant was placed on her door. (Compl. ¶ 20). She alleges that a judgment was entered against her even though she was under a Chapter 13 bankruptcy, that she appealed to Circuit Court, that the matter was ordered back to General Sessions court, and that, at the time of filing the Complaint in this case, that matter was still pending. (Compl. ¶ 20). She alleges that Carrington willingly reported false information to the IRS that Plaintiff had abandoned her property in December 2014 even though it was aware that she remained in the home. (Compl. ¶ 21). She alleges that falsified documents were submitted to the Shelby County Register of Deeds that led to the transfer of Plaintiff's property out of her name while a pending appeal from General Sessions in Shelby County was filed in Circuit Court. (Compl. ¶ 22). She states she opened several Chapter 13 bankruptcy cases in an effort to obtain relief but that Defendants deceived the Bankruptcy Court by alleging that she was not interested in keeping her property and by seeking an FED when they knew she had filed bankruptcy. (Compl. ¶ 23).

In August 2015, Plaintiff alleges she had physical damage to her roof. Plaintiff alleges the damage was inspected and a partial check of $1982.30 was made out to her and Carrington. (Compl. ¶ 24). Plaintiff alleges that check was deposited with Carrington to be held until the repairs were completed, which was done in September. (*Id.*) However, Plaintiff alleges that Carrington only released $660.77; they kept $1321.53 and did not apply it either to the mortgage balance or remove the loan from default status. (*Id.*) Plaintiff alleges that Carrington did not pay her homeowners'

insurance that is escrowed into the mortgage payments. (Compl. ¶ 25).

Accordingly, Plaintiff argues that she is entitled to have the foreclosure set aside because of the "fraud of the defendant" according to Rule 9 of the "Tennessee Rules of Civil Procedure." (Compl. ¶ 26). Further, Plaintiff alleges that she is entitled to injunctive relief to prohibit the alienation of the property and that she is entitled to injunctive relief to prohibit the issuance of any writ of possession for the 4573 Fawn Hollow Cove property by any property. (Compl. ¶ 27). Finally, Plaintiff alleges that she is entitled to have the homeowners' insurance policy reinstated for the property while the issues are being litigated. (Compl. ¶ 28).

## II. ANALYSIS

### A. Rule 11(a)

As an initial matter, Plaintiff's Complaint was originally filed unsigned. Rule 11(a) of the Federal Rules of Civil Procedure require the Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *See Metro. Life Ins. Co. v. McGhee*, No. 15-2467-STA-dkv, 2016 WL 2742429, at *4 n.16 (W.D.Tenn. May 10, 2016); *Perrywatson v. United Airlines, Inc.*, No. 10 C 0639, 2011 WL 2470103, at *2 (N.D. Ill. June 20, 2011) (noting that "[t]he sanction [of striking an unsigned paper] is mandatory.") However, as Plaintiff addresses in her Response, on February 24, 2016, a signed Complaint was filed with the Chancery Court for the Thirtieth Judicial District at Memphis (D.E. #19-1). Thus, this issue has been remedied and no longer remains before the Court.

### B. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing

a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits."

5

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### *I. Fraud*

First, Plaintiff alleges that "the defendant," without specifying Carrington, committed fraud. Plaintiff further alleges that the fraud entitles her to have the foreclosure set aside. Plaintiff acknowledges that allegations of fraud must be plead with heightened particularity. Fed. R. Civ. P. 9. Specifically, Rule 9 sets for that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Id*. To satisfy Rule 9(b), a plaintiff must (1) specify the time, place, and content of the alleged misrepresentation; (2) identify the fraudulent scheme and the fraudulent intent of the defendant; and (3) describe the injury resulting from the fraud. *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.,* 532 F.3d 496, 504 (6th Cir. 2008).

In the instant case, Carrington is not even alleged to have been a party to the foreclosure; only Bank of America foreclosed on the property. The Complaint sets forth no circumstances constituting any fraud or mistake by Carrington in the foreclosure, including the time, place, content, scheme, or injury. Accordingly, Plaintiff has failed to set forth a claim of relief for fraud against Carrington for fraud.

6

ii. Post-Foreclosure Claims

Next, Plaintiff lists what Carrington refers to as a "number of disjointed allegations concerning post-foreclosure issues," including willingly reporting false information to the IRS, falsifying documentation to the Shelby County Register of Deeds, deceiving the Bankruptcy Court by alleging Plaintiff was not interested in keeping her property, seeking an "FED" when Defendants knew Plaintiff had filed bankruptcy, depositing funds paid to Carrington for physical damage to her roof without applying them to her mortgage balance, and failing to pay homeowners' insurance that is escrowed into the mortgage payments. (Compl. ¶¶ 21-25). Plaintiff provides no legal basis in the Complaint for any of these claims or even formulaic elements of a cause of action; instead, Plaintiff lists conclusory allegations without sufficient factual matter to create a plausible claim for relief. Such allegations are insufficient to survive a Motion to Dismiss pursuant to Rule 12(b)(6).

### *iii. Injunctive Relief*

Finally, Plaintiff seeks "injunctive relief to prohibit the alienation of the property" and "to prohibit the issuance of any Writ of Possession." (Compl. 27). Although the Court has already determined that Plaintiff has not set forth any plausible claim for relief, even if he had stated a claim, the relief he seeks cannot be granted by this Court because a federal court cannot enjoin state court eviction proceedings. 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

## III. Conclusion

For the reasons set forth herein, Carrington's Motion to Dismiss is hereby GRANTED and Carrington's Motion for Summary Judgment is hereby DISMISSED AS MOOT.

**IT IS SO ORDERED** this 17th day of October, 2017.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE