IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**LATASHA TENNIAL,**

        Plaintiff,

v.                                                        Case No. 2:16-cv-02913-cgc

**BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO
BAC HOME LOANS SERVICING,
LP, F/K/A COUNTRYWIDE
HOME LOANS SERVICING, L.P.,
and CARRINGTON MORTGAGE
SERVICES, LLC,**

        Defendant.

---

ORDER GRANTING BANK OF AMERICA, N.A.'s
MOTION FOR JUDGMENT ON THE PLEADINGS

---

Before the Court is Defendant Bank of America, N.A.'s ("Bank of America")[1] Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment filed pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure. (Docket Entry "D.E." #37).[2] The parties have consented to the jurisdiction of the United States Magistrate Judge. (D.E. #24). For the reasons set forth herein, Bank of America's Motion for Judgment on the Pleadings is GRANTED.

---

[1] Bank of America was named as a Defendant in its own capacity and as successor by de jure merger with BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P.

[2] Bank of America also incorporates in its motion Carrington Mortgage Services, LLC's Motion to Dismiss (D.E. #10) and Motion for Summary Judgment (D.E. #32-#33). The Court granted Carrington's Motion to Dismiss and found the Motion for Summary Judgment to be Moot on October 19, 2017. (D.E. #41).

**I.      Introduction**

On November 22, 2016, Plaintiff Latasha Tennial filed a Petition to Set Aside Foreclosure and for Injunctive Relief in the Chancery Court for the Thirtieth Judicial District at Memphis. (D.E. # 1-1).  Plaintiff alleges that she purchased property located at 4573 Fawn Hollow Cove in Memphis, Tennessee for $90,250.00 in October 2005.  (Compl. ¶ 5).  Her mortgage was initially with Argent Mortgage Company, LLC, but she refinanced on January 10, 2008 with Community Mortgage Company ("CMS").  (Compl. ¶¶ 5-6).  CMS was sold to Countrywide Home Loans in March 2008, who then merged services with Bank of America in June 2008.  (Compl. ¶¶ 7, 9). Plaintiff alleges that Bank of America "improperly" foreclosed upon her home without notification in March 2011, thereby placing her home for sale.  (Compl. ¶ 12).

On April 10, 2013, Plaintiff alleges that she received a notice from Bank of America that her loan would be transferred to Carrington effective May 1, 2013; however, she alleges that they never actually released the loan to Carrington according to the Shelby County Register of Deeds.  (Compl. ¶ 13).  In May 2013, Plaintiff alleges that she received a mortgage statement from Carrington with a balance forwarded of $35,244.06, which included late fees and default costs.  (Compl. ¶ 14).  Plaintiff alleges that Carrington provided "deficient mortgage services and foreclosures processes," "denied all foreclosure prevention benefits," and engaged in "predatory lending practices and accounting."  (Compl. ¶ 14).  In October 2013, Plaintiff alleges that she received a "Keep My Tennessee Home Grant" in the amount of $39,844.00.  (Compl. ¶ 15). Plaintiff alleges that this amount was paid directly to Carrington on her behalf "to reinstate the mortgage" but that it was "never taken out of default."  (Compl. ¶¶ 15-16).  Plaintiff further alleges that she understood that a protection lien was placed on the property for a five year

Making Home Affordable Period in November 2013 and that the loan would be completely forgiven if Plaintiff remained in the home for five years. (Compl. ¶ 16). Plaintiff alleges that she did remain in the home for five years but that, on December 12, 2013, she received a letter from Carrington stating that she owed $911.92 for her loan that was still in default, which included a late fee. (Compl. ¶ 18).

Plaintiff alleges that she notified Carrington in January 2014 that she was under the care of her physician, was unable to make payments, and requested mortgage assistance for foreclosure prevention to no avail. (Compl. ¶ 19). On October 27, 2014, Plaintiff alleges that a detainer warrant was placed on her door. (Compl. ¶ 20). She alleges that a judgment was entered against her even though she was under a Chapter 13 bankruptcy, that she appealed to Circuit Court, that the matter was ordered back to General Sessions court, and that, at the time of filing the Complaint in this case, that matter was still pending. (Compl. ¶ 20). She alleges that Carrington willingly reported false information to the IRS that Plaintiff had abandoned her property in December 2014 even though it was aware that she remained in the home. (Compl. ¶ 21). She alleges that falsified documents were submitted to the Shelby County Register of Deeds that led to the transfer of Plaintiff's property out of her name while a pending appeal from General Sessions in Shelby County was filed in Circuit Court. (Compl. ¶ 22). She states she opened several Chapter 13 bankruptcy cases in an effort to obtain relief but that Defendants deceived the Bankruptcy Court by alleging that she was not interested in keeping her property and by seeking an FED when they knew she had filed bankruptcy. (Compl. ¶ 23).

In August 2015, Plaintiff alleges she had physical damage to her roof. Plaintiff alleges the damage was inspected and a partial check of $1982.30 was made out to her and Carrington.

(Compl. ¶ 24). Plaintiff alleges that check was deposited with Carrington to be held until the repairs were completed, which was done in September. (*Id*.) However, Plaintiff alleges that Carrington only released $660.77; they kept $1321.53 and did not apply it either to the mortgage balance or remove the loan from default status. (*Id*.) Plaintiff alleges that Carrington did not pay her homeowners' insurance that is escrowed into the mortgage payments. (Compl. ¶ 25).

Accordingly, Plaintiff argues that she is entitled to have the foreclosure set aside because of the "fraud of the defendant" according to Rule 9 of the "Tennessee Rules of Civil Procedure." (Compl. ¶ 26). Further, Plaintiff alleges that she is entitled to injunctive relief to prohibit the alienation of the property and that she is entitled to injunctive relief to prohibit the issuance of any writ of possession for the 4573 Fawn Hollow Cove property by any property. (Compl. ¶ 27). Finally, Plaintiff alleges that she is entitled to have the homeowners' insurance policy reinstated for the property while the issues are being litigated. (Compl. ¶ 28).

**II.     Analysis**

Rule 12(c) of the Federal Rules of Civil Procedure states that, "[a]fter the pleadings are closed---but early enough not to delay trial---a party may move for judgment on the pleadings." A motion under Rule 12(c) assumes that the factual allegations in the complaint are true and asks whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitled him to relief. *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group, a Div. of Reed Elsevier Group, PLC*, 463 F.3d 478, 487 (6th Cir. 2006) (citing *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). The Rule 12(c) standard is the same as the standard under Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

First, Plaintiff alleges that "the defendant," without specifying Bank of America, committed fraud. Plaintiff further alleges that the fraud entitles her to have the foreclosure set aside. Rule 9 sets forth that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9. To satisfy Rule 9(b), a plaintiff must (1) specify the time, place, and content of the alleged misrepresentation; (2) identify the fraudulent scheme and the fraudulent intent of the defendant; and (3) describe the injury resulting from the fraud. *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.,* 532 F.3d 496, 504 (6th Cir. 2008). In the instant case, there are no allegations whatsoever of the acts that allegedly constituted the fraud. Instead, the Complaint merely states that "defendant" is liable for fraud. Such allegations are insufficient under a general pleading standard, much less a heightened one. Accordingly, Plaintiff's claim for fraud against Bank of America fails as a matter of law.

Next, Plaintiff alleges that Bank of America's predecessor in the de jure merger, Countrywide Home Loan Servicing, L.P., "began to increase the monthly payments on a fixed mortgage" around March 2008. (Compl. ¶ 7). Plaintiff alleges that Bank of America also "provided deficient mortgage services" and engaged in "predatory lending practice and accounting." (*Id.* ¶ 14). Defendant argues that, to the extent that these allegations attempt to allege a breach-of-contract claim, such a claim requires as follows: (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (2005) (citations omitted). Here, Plaintiff has not alleged what nonperformance has amounted to a breach of the contract. Specifically, Plaintiff has only provided conclusory allegations that are insufficient to satisfy Rules 8(a) and 12(c). Plaintiff has not provided

sufficient information in her pleading to put Bank of America on fair notice as to the nature of the claim it is defending. Accordingly, to the extent that Plaintiff sought to raise a breach-of-contract claim, that claim also fails as a matter of law.[3]

### III. Conclusion

For the reasons set forth herein, Bank of America's Motion for Judgment on the Pleadings is hereby GRANTED.

**IT IS SO ORDERED** this 27th day of November, 2017.

                                          s/ Charmiane G. Claxton
                                          CHARMIANE G. CLAXTON
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] Bank of America also raises arguments in the event that this Court were to construe Plaintiff's Complaint to have raised claims under the Real Estate Settlement Procedures Act ("RESPA") or the Home Affordable Modification Program ("HAMP"). Neither of these Acts were mentioned in Plaintiff's Complaint, and the Court does not construe Plaintiff's Complaint as having raised these claims.